

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36638-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM SAMUEL SCHMIDT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — William Schmidt appeals from his convictions for four counts of first degree child molestation, arguing that the prosecutor engaged in misconduct. Concluding that the trial court did not abuse its discretion in its rulings on misconduct related claims, we affirm.

## FACTS

Mr. Schmidt was charged with molesting his stepdaughter over a three year period. The case proceeded to jury trial in the Pierce County Superior Court. In opening statement, the prosecutor advised jurors that the victim would testify that the defendant had once rubbed his bare penis on the victim's clothed vagina. The defense moved for a mistrial, arguing that there was no evidence to support the statement. The trial court denied the motion.

Exhibit 6 was a drawing by the child depicting what had happened to her. In closing, the prosecutor relied on a PowerPoint slide show in support of his argument. Slide 4 displayed exhibit 6 with an insert depicting an enlarged view of one portion of the slide. The PowerPoint concluded with Slide 36, a slide with the word "JUSTICE" on the top and the word "Guilty" in the middle.[1] Defense counsel objected to slide 36.

After the jury returned its verdicts, the defense moved for a new trial, reprising its objections to the opening statement and the closing argument. The trial court denied the motion for a new trial, concluding that the prosecutor had acted in good faith during opening statement and there was no misconduct in closing argument. The court also concluded that any error would have been cured by the court's first instruction to the jury. Clerk's Papers (CP) at 316; Report of Proceedings (RP) at 2092-2093.

The court imposed an exceptional minimum term sentence of 199 months in accordance with the jury's special verdicts finding aggravating circumstances as well as the mandatory maximum life sentence required for the crime. Findings in support of the exceptional sentence also were entered.

Mr. Schmidt timely appealed. Division Two administratively transferred the appeal to Division Three. This court considered the appeal without hearing argument.

---

[1] Color copies of Slides 4 and 36 are attached to this opinion.

No. 36638-3-III
*State v. Schmidt*

ANALYSIS

The sole issue presented is whether the trial court erred in its rulings on the misconduct allegations.[2] We conclude that the trial court did not abuse its discretion in determining that there was no prejudicial misconduct.

A trial court's decision to grant a new trial is reviewed for abuse of discretion. *State v. Hawkins*, 181 Wn.2d 170, 179, 332 P.3d 408 (2014); *State v. Williams*, 96 Wn.2d 215, 221, 634 P.2d 868 (1981); *State v. Marks*, 71 Wn.2d 295, 302, 427 P.2d 1008 (1967). The same standard applies to review of motions for a mistrial. *State v. Weber*, 99 Wn.2d 158, 166, 659 P.2d 1102 (1983). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Discretion also is abused when a court uses an incorrect legal standard in making a discretionary decision. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007); *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995). "The question is not whether this court would have decided otherwise in the first instance, but whether the trial judge was justified in reaching his conclusion." *State v. Taylor*, 60 Wn.2d 32, 42, 371 P.2d 617 (1962).

---

[2] Mr. Schmidt also claims that the cumulative error doctrine entitles him to a new trial, but the alleged errors were both before the trial court in the new trial ruling and it is unnecessary to reconsider the cumulative nature of the alleged errors.

3

The first issue is whether the court erred in denying the mistrial over the opening statement. A mistrial should be declared when a trial irregularity so tainted the proceedings that the defendant was deprived of a fair trial. *Weber*, 99 Wn.2d at 164. The problem presented here involves an interview of the child. The written interview statement indicated that the defendant rubbed his penis on the child while both were clothed. The deputy prosecutor interpreted the child's interview remarks as indicating that the defendant rubbed his uncovered penis on the child while both were wearing clothing. The trial court concluded that the prosecutor acted in good faith and it was up to the jury to determine what the child's statement meant.

These were tenable reasons for denying the mistrial. It was plausible that the defendant merely uncovered his penis while keeping his clothing on. Given the limited vocabulary of most young children, we cannot fault the trial court's conclusion that the prosecutor acted in good faith. More importantly, an error of this variety is seldom going to deprive a defendant of a fair trial because the evidence in question was put before the jury for its consideration. If the prosecutor adopted an implausible interpretation of the statement, then the jury has a reason to doubt the prosecutor's case rather than rely on an extra-record reason to convict the defendant. If the prosecutor had promised something he did not deliver—an eyewitness to the crime or other significant evidence that was never introduced—then the trial court would have faced a different problem that

4

significantly impacted the probability of having a fair trial. But merely overstating the meaning of evidence admitted at trial only harms the prosecutor, not the defendant.

Having tenable grounds for denying the mistrial motion, the court did not abuse its discretion.

As with the mistrial motion, a motion for a new trial should be granted when the defendant's right to a fair trial has been prejudiced. *State v. Lord*, 117 Wn.2d 829, 887, 822 P.2d 177 (1991). While the defendant's motion included the mistrial allegation within its argument, the primary focus was on slides 4 and 36. The trial court found that there was no misconduct and that any misconduct was not prejudicial in light of jury instruction 1, the standard instruction telling jurors that the remarks of the attorneys are not evidence and that those remarks should be disregarded if they conflict with the evidence or the law contained in the court's instructions. CP at 132; RP at 2092-2093.

We agree with the trial court that Slide 4 did not constitute error. Exhibit 6 had been admitted and Slide 4 simply consisted of that exhibit along with an added enlargement of the portion of the child's drawing showing how the touching occurred. *See* Slide 4. Unlike Mr. Schmidt, we do not consider this slide an "alteration" of the exhibit. The meaning of the drawing was not changed merely because a portion of it was enlarged to aid viewing. The State was free to focus the jury's attention on the salient portion of the exhibit.

Slide 36, however, is a different story. Although it should not be surprising to the jury when a prosecutor argues the defendant is guilty of the charged crime, the presentation of that conclusion on a slide can constitute prejudicial misconduct. *See State v. Walker*, 182 Wn.2d 463, 341 P.3d 976 (2015); *In re Glasmann*, 175 Wn.2d 696, 286 P.3d 673 (2012); *State v. Hecht*, 179 Wn. App. 497, 319 P.3d 836 (2014). In those cases, it largely was the sensational nature of the slides that was particularly problematic. *E.g.*, *Walker*, 182 Wn.2d at 468 (100 slides captioned with "Defendant Walker Guilty of Premeditated Murder"). By superimposing the "guilty" theme on a large number of slides, the prosecutor conveyed a personal opinion of the defendant's guilt. *Id.* Superimposing the caption also served to alter the pictures and exhibits to which the caption was added. *Id.*

We cannot equate a single slide presented at the conclusion of the argument with the 100 slides used in *Walker*. But the pairing of the word "guilty" with the word "justice" is particularly inappropriate and can easily be interpreted as the prosecutor's own personal opinion rather than as the conclusion the prosecutor is urging the jury to draw from evidence and the law. And while every prosecutor in this state should be wary of using a slide such as this one, we think that a Pierce County Deputy Prosecutor should be particularly sensitive to this issue in light of the noted authorities.

Nonetheless, under the facts of this case, the trial court had tenable grounds for concluding as it did that any misconduct was not prejudicial in light of the court's

instruction. The "guilty" conclusion did not permeate the slide show and came at the natural point of the argument—the conclusion the prosecutor sought for the jury to reach. To the extent that it conveyed the prosecutor's personal, rather than professional, view of the outcome, it was not so egregious that the defendant's right to a fair trial was impugned.

The trial court had tenable grounds for denying the motion for a new trial. There was no abuse of the court's discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, A.C.J.

Siddoway, J.

7

**ATTACHMENT 1**



**ATTACHMENT 2**

